**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES POINSETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:13-CV-123 SNLJ** |
| | ) | |
| **BRISTOL-MYERS SQUIBB COMPANY,** | ) | |
| **SANOFI-AVENTIS U.S., L.L.C.,** | ) | |
| **SANOFI-AVENTIS, U.S., INC., n/k/a** | ) | |
| **SANOFI US SERVICES INC., and** | ) | |
| **SANOFI-PHARMACEUTICALS, INC.** | ) | |
| **n/k/a SANOFI-SYNTHELABO, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file following assignment to the undersigned. The Eight Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus*., 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc*., 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., *Moore's Federal Practice* § 102.31 (3d ed. 2010).

The Complaint in this case asserts that the Court[1] has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in

---

[1]The Court notes that the case caption on the Complaint states that it has been filed in the Circuit Court of the City of St. Louis. However, because the Complaint clearly invokes federal jurisdiction, the Court presumes that the case caption's named court is a clerical error.

controversy exceeds the sum of $75,000. Plaintiff named four defendants, including one defendant identified as an L.L.C.. The Complaint alleges that Sanofi-Aventis U.S., L.L.C. is a subsidiary of the French pharmaceutical company Sanofi-Aventis and that the "American base for Sanofi-Aventis is 400 Somerset Corporate Boulevard, SC4-310A, Bridgewater, New Jersey 08807-0912." (#1 at ¶ 5.) These allegations are insufficient for the Court to determine whether it has diversity jurisdiction over this matter.

The defendant LLC's citizenship has not been addressed explicitly; however, the Eighth Circuit has held that unincorporated entities such as LLCs are citizens of every state of which any member is a citizen. *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Thus, for the LLC defendant, the Court must examine the citizenship of each member of that company to determine whether diversity jurisdiction exists. The Complaint contains no allegations concerning the members of the defendant LLC.[2]

The Court will grant plaintiff 14 days to file an amended complaint which alleges facts showing the existence of the requisite diversity of citizenship of the parties. If plaintiff fails to timely and fully comply with this Order, the Court will dismiss this matter without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by September 12, 2013, plaintiff shall file an amended complaint which shall allege facts establishing the citizenship of each of the defendant LLC's members.

---

[2]The Complaint states that the LLC is a "subsidiary" for the Sanofi-Aventis, but that is not enough information from which the Court may confidently glean citizenship for an LLC.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this order, this matter will be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

Dated this  29th  day of August, 2013.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE